IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| GARY BYRNE, and all others similarly situated under 29 U.S.C. § 216(b), | § § § | |
| *Plaintiffs*, | § § | CASE NO. 7:22-CV-112 |
| v. | § § | JURY DEMANDED |
| QUALI-TEX BALL & SEAT CO., JERRY F. ANDERSON JR., AND JERRY D. ANDERSON, | § § § § | Collective Action pursuant to 29 U.S.C. § 216(b) |
| *Defendants*. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Gary Byrne ("Plaintiff" or "Byrne"), on behalf of himself and all others similarly situated, files this Complaint against Defendants, Quali-Tex Ball & Seat Co., Jerry F. Anderson, Jr., and Jerry D. Anderson ("Defendants" or "Quali-Tex"), and respectfully shows the Court as follows:

## I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendants' misclassifying Plaintiff as an exempt employee, and for failing to pay Plaintiff overtime pay for all hours worked over forty during each workweek while working for Defendants.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and on behalf of all similarly situated current and former employees who worked for Defendants, who were misclassified as exempt, and who were not paid overtime pay for all hours worked over forty in

each workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Pursuant to 29 U.S.C. § 215(a)(3), Plaintiff Gary Byrne also brings an action on behalf of himself against the Defendants for retaliation, as he was terminated for making complaints regarding the Defendants' failure to pay him overtime.

4. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, pre- and post-judgment interest, and punitive damages.

## II.   PARTIES

5. Plaintiff is an individual citizen of the state of Texas and was employed by Defendants in Odessa, Texas, between about October 2019 and November 2021.

6. Quali-Tex is a domestic for-profit corporation organized under the laws of the State of Texas.  Quali-Tex's principal place of business is 3300 N. FM 1936, Odessa, Texas 79764. Its Registered Agent is Jerry F. Anderson, Jr., and he can be served with process at 3300 N. FM 1936, Odessa, Texas 79764, or wherever he may be found.

7. Jerry F. Anderson, Jr. is the President of Quali-Tex and may be served with process at 2015 E. Southfork Street, Odessa, Texas 79766, or wherever he may be found.

8. Jerry D. Anderson is the Vice President of Quali-Tex and may be served with process at 16249 South Klondyke Avenue, Odessa, Texas 79763, or wherever he may be found.

9. During all times relevant to this lawsuit, Defendants have done, and continue to do, business in the State of Texas.

10. At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that the companies' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Quali-Tex, or was done in the routine and normal course and scope of employment of the companies' officers, directors, vice-principals, agents, servants or employees.

12. At all times relevant to this lawsuit, Defendants employed and continue to employ two or more employees.

13. Defendants are/were an employer of Plaintiff and the putative Collective Action Members.

14. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

15. At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.00.

### III. JURISDICTION & VENUE

16. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland/Odessa Division of the Western District of Texas.

## IV.   FACTS

18. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

19. Defendant Quali-Tex is a company that provides oil and gas field machinery services and products to its customers. Together with Quali-Tex, all Defendants employed Byrne as a production worker from approximately October 2019 to November 2021. As a production worker, Byrne's responsibilities primarily involved operating centerless grinder machines. Like Byrne, the putative Collective Action Members were also responsible for performing manual or technical labor related to the machining of products that would be used in the oil and gas field industry.

20. Byrne and the putative Collective Action Members were paid on a salary basis, were misclassified as exempt employees, and were not paid overtime despite working over forty (40) hours nearly every week. As a result, Byrne and the putative Collective Action Members were not paid overtime in all work weeks in which they worked more than forty (40) hours.

21. Defendants intentionally misclassified Byrne and the putative Collective Action Members to avoid paying overtime. For example, Defendants employed Byrne as an hourly employee for two weeks, before switching him to salary, even though his job duties remained unchanged. Defendants knew this was a violation of the FLSA, but still implemented these unlawful pay policies and pay practices. In fact, the company President, Jerry F. Anderson, Jr., told Byrne and other employees when placing them on salary that: "now I can abuse you." Further, on multiple occasions, Byrne complained that he was owed overtime, and even attempted to educate and discuss with Jerry F. Anderson, Jr. and Jerry D. Anderson that he was not an exempt employee under the FLSA.

22. On November 9, 2021, Byrne again complained to Jerry F. Anderson, Jr. and Jerry D. Anderson about not being paid overtime. In response, Jerry F. Anderson, Jr. became very angry and began yelling and using profanity towards Byrne. Two days later, on November 11, 2021, the Defendants retaliated against Byrne and terminated him.

## V.     FLSA CLAIMS FOR OVERTIME PAY

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. All conditions precedent to this suit, if any, have been fulfilled.

25. At all relevant times, Defendants were Plaintiff's employers under the FLSA and were engaged in commerce under the FLSA.

26. Plaintiff was not exempt from overtime under the FLSA and was paid on a salary basis.

27. Plaintiff worked more than forty hours per workweek for Defendant but was not paid time and one-half his regular rate of pay for all hours worked over forty (40) in each workweek.

28. Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) and 516.5. Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rate of pay for all hours worked over forty in a workweek. On behalf of himself and the putative Collective Action, Plaintiff specifically pleads recovery for the time

period of three years preceding the date this lawsuit was filed and forward, as a result of Defendant's willful conduct. 29 U.S.C. § 255(a).

29. Plaintiff seeks all damages available at law for Defendants' failure to pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. FLSA COLLECTIVE ACTION CLAIMS

30. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31. Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendants who: (a) performed manual or technical labor to provide Defendant's products and services to customers; (b) work/worked more than forty hours in any workweek; and (c) are/were not paid time and one-half their regular rate of pay for all hours worked over forty in each such workweek.

32. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, worked more than forty (40) hours per week and were not paid overtime premium pay for any hours worked in excess of forty (40) hours in each work week.

33. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

34. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

35. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

36. Although the exact amount of damages may vary amongst the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

37. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

38. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   CLAIM FOR RETALIATION

39. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

40. Byrne engaged in federally protected activity by making multiple complaints to Defendants, whereby Byrne informed Defendants that they were violating the FLSA by misclassifying Byrne as an exempt employee and by not paying Byrne overtime wages for working over forty (40) hours per week in nearly all work weeks.

41. Upon making these complaints about not receiving overtime pay, with the most recent complaint taking place on November 9, 2021, Byrne was involuntarily terminated just two days later in violation of 29 U.S.C. § 215(a)(3). Due to the temporal proximity between the time Byrne was terminated and when he complained about not being paid overtime and Defendants violations of the FLSA, his termination was retaliatory and based solely on him engaging in

federally protected activity. Any reasons Defendants offer for Byrne's termination, other than his complaining about overtime, should be viewed as pretextual.

## VIII. UNPAID WAGES AND DAMAGES

42. All Defendants, including individual Defendants Jerry F. Anderson, Jr. and Jerry D. Anderson, are joint and severally liable as employers as defined under the FLSA 29 U.S.C. § 203(d). Accordingly, Plaintiff and the putative Collective Action Members seek damages from all Defendants for the following unpaid wages and damages:

   a. Payment for all unpaid overtime back wages resulting from compensable time worked but for which no overtime pay was received over the past three years as a result of Defendants' willful violations of the FLSA and as permitted under the FLSA 29 U.S.C. § 255(a);

   b. Liquidated damages equal to the amount of unpaid back wages; and

   c. Punitive damages for the retaliatory actions taken against Plaintiff Gary Byrne individually.

## IX. ATTORNEYS' FEES AND COSTS

43. As a result of Defendants' conduct, Plaintiff and the putative Collective Action Members have retained the undersigned counsel to prosecute their claims and seek to recover their attorneys' fees, expert witness fees, and any costs incurred from bringing this action under 29 U.S.C. § 216(b).

## X. JURY DEMAND

44. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## XI.     PRAYER

45.     For these reasons, Plaintiff and the putative Collective Action Members respectfully pray that Defendants be cited to appear and answer, and that on final hearing, the Court enter Judgment against Defendants for the following costs, fees, and damages:

- a. Unpaid overtime back pay going back three years in favor of Byrne and the putative Collective Action Members;
- b. liquidated damages in favor of Plaintiff and the putative Collective Action Members;
- c. punitive damages in favor of individual Plaintiff Gary Byrne for retaliation;
- d. costs of this action, including the fees and costs of experts and reasonable attorneys' fees in favor of Plaintiff and the putative Collective Action Members;
- e. pre-judgment and post-judgment interest at the maximum rate allowed by law in favor of Plaintiff and the putative Collective Action Members; and
- g. such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
    Fernando M. Bustos; SBN: 24001819
    fbustos@bustoslawfirm.com
    Brandon C. Callahan; SBN: 24096175
    bcallahan@bustoslawfirm.com
    Matthew N. Zimmerman; SBN: 24100386
    mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
GARY BYRNE AND THE
COLLECTIVE ACTION MEMBERS